# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

GOVERNOR JOHN BEL EDWARDS

VERSUS

LOUISIANA STATE LEGISLATURE,
LOUISIANA HOUSE OF
REPRESENTATIVES, AND CLAY
SCHEXNAYDER, IN HIS OFFICIAL
CAPACITY AS SPEAKER OF THE
LOUISIANA HOUSE OF
REPRESENTATIVES

**OCTOBER 6, 2021**

---

In Re:    State of Louisiana, through the Attorney General Jeff
          Landry, and Clay Schexnayder, in his official capacity
          as speaker of the Louisiana House of Representatives,
          applying for supervisory writs, 19th Judicial District
          Court, Parish of East Baton Rouge, No. 700923.

---

**BEFORE:  GUIDRY, WELCH, THERIOT, LANIER, AND HESTER, JJ.**

   **WRIT GRANTED.** This court notes, sua sponte, that this case
is moot; therefore, no subject matter jurisdiction exists. See
**Firestone Polymers, L.L.C. v. Louisiana Department of
Environmental Quality,** 2019-0308 (La. App. 1st Cir. 5/28/20),
304 So.3d 1056, 1063, <u>writ denied</u>, 2020-01152 (La. 11/18/20),
304 So.3d 417, finding no subject matter jurisdiction existed
where the plaintiffs' claim for declaratory judgment was moot.
An appellate court has a duty to examine subject matter
jurisdiction sua sponte, even when the issue is not raised by
the litigants. A case is moot when a rendered judgment or decree
can serve no useful purpose and give no practical relief or
effect. **Id.** at 1064. Here, the linchpin of Governor John Bel
Edwards's petition for declaratory judgment is that the petition
adopted by the House of Representatives ("the House petition")
is null, void, and unenforceable because it was adopted pursuant
to La. R.S. 29:768(B), which, itself, is unconstitutional.  He
further maintains that the House petition is null, void, and
unenforceable because the signatories failed to consult with the
public health authority before adopting the petition, as
required by La. R.S. 29:768(B), and because the House Petition
was adopted in contravention of La. Const. Art. III, §15(A)
concerning open, public meetings.  The House petition seeks to
terminate 134 JBE 2020 and instructs Governor Edwards to issue
an executive order or proclamation terminating this emergency
proclamation.  However, 134 JBE 2020 expired by its own terms on
November 6, 2020. Therefore, the House petition is moot, and the
declaratory relief sought by Governor Edwards is also moot.  For
the same reasons, any remaining claims asserted by the Speaker

of the House, seeking an order of mandamus to compel Governor Edwards to issue an order or proclamation terminating 134 JBE 2020, are likewise moot.  Finding the trial court had no jurisdiction to enter judgment, we vacate the district court's July 19, 2021 judgment and dismiss this suit as moot.

**JEW**
**WIL**
**CHH**

**Guidry, J.,** concurs in the result reached by the majority.

**Theriot, J.,** dissents and would deny the writ.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT